UNITED STATES DISTRICT COURT                                        C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
RAISA COHEN,                                               :
                                                           :
                            Plaintiff,                     :   **MEMORANDUM**
                                                           :   **DECISION AND ORDER**
             - against -                                   :
                                                           :   19-cv-4728 (BMC) (VMS)
EXIGER LLC,                                                :
                                                           :
                            Defendant.                     :
                                                           :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* brings this action against her employer[1] under the Americans with Disabilities Act ("ADA"), the Equal Pay Act ("EPA"), and the Family and Medical Leave Act ("FMLA"). Plaintiff paid the filing fee to commence this action. For the reasons stated below, her ADA and EPA claims are dismissed as frivolous but her FMLA claim may proceed.

## SUMMARY OF COMPLAINT

Plaintiff worked for defendant during the relevant time period. Plaintiff allegedly met with a human resources representative about taking FMLA leave in connection with a medical procedure. The human resources representative told plaintiff she needed to exhaust all of her "PTO time," i.e. her accrued leave time, before taking FMLA leave. Plaintiff then spoke with the director of human resources, who did not provide plaintiff with the paperwork for taking FMLA leave and denied plaintiff the option to take FMLA leave.

Plaintiff also alleges that defendant hired her as an "executive assistant" but her letter of employment described her position as "administrative assistant." Defendant pays executive assistants $6,000 more than administrative assistants. After she informed an employee of

---

[1] The complaint does not specify whether defendant is plaintiff's current or prior employer.

defendant about this discrepancy, defendant provided plaintiff with backpay but did not adjust her title or salary. Approximately a year later, defendant promoted plaintiff, leading to an adjustment in her title and salary.

Plaintiff claims that defendant violated the ADA by failing to accommodate an unidentified disability and also violated the EPA. The Court liberally construes plaintiff as bringing a claim for interference with her rights under the FMLA as well. Plaintiff requests $100,000 in damages.

## DISCUSSION

*Pro se* litigants' submissions are construed liberally. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, even if a plaintiff has paid the filing fee, a court may dismiss the case if it determines that the action is frivolous. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998) (internal quotation marks and citations omitted).

"An employer may … violate the ADA by failing to provide a reasonable accommodation." McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013). "A plaintiff states a *prima facie* failure to accommodate claim by demonstrating that (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of" the plaintiff's "disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." Id. at 125-26. Here, plaintiff has not even alleged that she has a disability, let

alone alleged facts showing that she meets any other element of a *prima facie* claim for failure to provide a reasonable accommodation under the ADA. Thus, the ADA claim is dismissed.

To state a *prima facie* claim under the EPA, "a plaintiff must demonstrate that i) the employer pays different wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and iii) the jobs are performed under similar working conditions." Tomka v. Seiler Corp., 66 F.3d 1295, 1310 (2d Cir. 1995). Plaintiff has not alleged any differences in the wages of defendant's male and female employees or alleged any other difference in defendant's treatment of male and female employees. Rather, plaintiff's EPA claim seems to arise solely from her allegation that she received a different job title and salary than she expected when defendant hired her. Her EPA claim is dismissed.

However, plaintiff's claim under the FMLA for interference may proceed. Liberally construed, the complaint alleges that plaintiff was eligible to take FMLA leave and gave notice of her intention to take FMLA leave to her employer, but her employer denied her the opportunity to take FMLA leave. These allegations are sufficient for her to proceed with her FMLA interference claim. See Graziadio v. Culinary Inst. of Am., 817 F.3d 415, 424 (2d Cir. 2016).

If plaintiff would like to proceed with her ADA and EPA claims, then she may file an amended complaint under Federal Rule of Civil Procedure 15(a). To proceed with her ADA claim, plaintiff must allege facts showing that she had a disability, that defendant had notice of this disability, and that defendant refused to make reasonable accommodations to plaintiff even though plaintiff could have performed the essential functions of her job with these reasonable accommodations. To proceed with the EPA claim, plaintiff must allege facts showing that defendant paid different wages to male and female employees who performed equal work on

jobs performed under similar working conditions that require equal skill, effort, and responsibility.

The amended complaint would completely replace the original complaint and must set forth a short and plain statement of the facts as if there had been no prior complaint. It therefore must restate the FMLA claim although it may use the same allegations that plaintiff made in her original complaint. If plaintiff does not file an amended complaint, then only her FMLA claim will proceed.

## CONCLUSION

Plaintiff's ADA and EPA claims are dismissed with leave to amend but her FMLA claim shall proceed whether she amends or not. In addition, plaintiff is advised that she must effect service of the summons and either the original or amended complaint on defendant no later than November 14, 2019 or the action will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Although plaintiff has paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Dated: Brooklyn, New York
　　　　August 30, 2019